ORIGINAL

MELINDA HAAG (CSBN 132612)
United States Attorney

MIRANDA KANE (CSBN 150630)
Chief, Criminal Division

PATRICIA J. KENNEY (CSBN 130238)
Assistant United States Attorney
   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102-3495
   Telephone: 415.436.6857
   Facsimile: 415.436.6748

Attorneys for the United States of America

FILED
SEP 15 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>   v.<br><br>APPROXIMATELY $67,391 IN<br>UNITED STATES CURRENCY,<br><br>          Defendant. | No. 11-CV-11 4586 EDL<br><br>COMPLAINT FOR FORFEITURE |

NATURE OF THE ACTION

1. This is a judicial forfeiture action, as authorized by 21 U.S.C. § 881(a)(6), involving defendant $67,391 in United States Currency which was seized during the execution of a search warrant on March 25, 2011 at 252 Palm Valley Boulevard, #303, San Jose, California.

JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1345 and 1355, and 21 U.S.C. § 881(a)(6).

3. Venue in this Court is proper because defendant $67,391 in United States currency as seized in the Northern District of California. 28 U.S.C. §§ 1355(b) and 1395.

4. The intra-district venue is proper in the San Francisco Division within the Northern District of California.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. After the Drug Enforcement Administration ("DEA") gave proper notice of the seizure of defendant, DEA received on or about June 20, 2011 an administrative claim signed by Sandy Do under penalty of perjury, submitted by her attorney Patrick H. Kelly, in which she claims to own "[a]t least $60,000.00 of the money seized" which came from her "business and employment income" at Tina's Beauty Salon & Barber Shop, 1878 W. San Carlos Street, San Jose, California.

## PARTIES

6. Plaintiff is the United States of America.

7. Defendant is approximately $67,391 in United States Currency ("defendant $67,391") which was seized on or about March 25, 2011 during the execution of a state search warrant at 252 Palm Valley Boulevard, #303, San Jose, California.

## FACTS

8. In the fall of 2010, law enforcement officers of the San Jose Police Department ("SJPD") began conducting an investigation involving as one target, MinhThanh LAM, who was believed to be a multi-pound dealer of cocaine base, and had a number of prior arrests and convictions for possession with intent to sell cocaine base. Through surveillance, SJPD officers determined that LAM's primary vehicle was a Silver 2005 Mercedes C240, California License 5JBK220, and that he shared a residence with his girlfriend, Sandy Do, at 252 Palm Valley Boulevard #303, San Jose, California. As the investigation continued, law enforcement officers determined that LAM also had a different residence at 1082 Thorndale Court, San Jose, California, and that LAM stayed at both locations. It is not uncommon for drug dealers of significant weight to have one residence that is "safe" and one residence that would serve as the "stash pad." The primary purpose of a "stash pad" is to have a place to manufacture drugs, store drugs or store money.

9. On or about March 25, 2011, SJPD officers had LAM under surveillance when he exited the side gate of the residence at 1082 Thorndale Court, entered the 2005 Mercedes and drove off. SJPD officers subsequently conducted a traffic stop of the 2005 Mercedes which LAM was

driving. As LAM exited the vehicle, he dropped an off-colored, rock-like substance to the ground. This rock-like substance was cocaine base packaged ready for sale (it weighed approximately one ounce). SJPD officers took LAM into custody and also seized the cocaine base and the $1,423.75 which LAM had on his person. LAM was detained and later arrested for violations of California Health & Safety Code ("H&S") Sections 11379.6(A) (manufacture, etc., controlled substance); 11352(a) (transportation/sale narcotics/controlled substances); 11351.5 (possession/purchase cocaine base for sale); and 11351 (possession/purchase for sale narcotics/controlled substances).

10. Later that same day, March 25, 2011, SJPD executed state search warrants at 1082 Thorndale Court and 252 Palm Valley Boulevard #303. At 1082 Thorndale Court, SJPD officers located a suspect, Minh Hoang Doan, in his room where in plain view were glass pipes commonly used to smoke methamphetamine and methamphetamine. SJPD officers also located LAM's room where they found in plain view large amounts of cocaine and cocaine base, and indicia of a manufacturing operation to turn cocaine into cocaine base which included heating sources, breakers used to convert the powder cocaine into cocaine base, digital scales and packaging material. There were in total approximately eight pounds of cocaine and cocaine base.

11. When SJPD officers executed the state search warrant at 252 Palm Valley Boulevard #303, no one was there. SJPD officers seized from the bedroom closet a black duffle bag filled with United States currency along with two rubber-banded bundles of United Sates currency on top of the black duffle, a black Sephora bag with United States currency, and a pink Victoria's Secret bag with United States currency. From a shelf in the closet, SJPD officers also seized a number of white pills in two plastic bags from two different envelopes. The pills, each 37.5 mg dose, tested positive for Amphetamine, a Schedule IV controlled substance.

12. The black duffle contained $39,938 in United States currency consisting of the following denominations: 175 x $100; 32 x $50; 992 x $20; 47 x $10; 50 x $5; and 278 x $1. The black Sephora paper bag contained $25,510 in the following denominations: 205 x $100; 1 x $50; and 248 x $20. The pink Victoria's Secret bag contained $1,943 in United States currency consisting of the following denominations: 1 x $100; 36 x $20; 76 x $10; 71 x $5; 8 x $1.

///

13. LAM was arrested and convicted on a number of drug related charges involving the possession for sale of cocaine base. Specifically, on or about April 21, 2000, LAM was arrested for violating California Health & Safety Code ("H&S") § 11351.5 (possession/purchase cocaine base for sale). On or about June 22, 2000, LAM was again arrested for violating H&S § 11351.5 (possession/purchase cocaine base for sale) and subsequently convicted on or about November 2, 2000. On or about February 23, 2002, LAM was again arrested for violating H&S § 11351.5 and convicted on or about June 21, 2002. While in custody at San Quentin on or about July 2, 2002, LAM was charged with violating H&S § 11351.5. On or about August 9, 2007, LAM was again arrested for violating H&S § 11351.5. On or about January 11, 2011, LAM was again arrested for violating H&S § 11351.5, but the charge was dismissed when a plea was entered to other charges, including a violation of H&S § 11350 (possession of narcotic controlled substance).

## CAUSE OF ACTION

14. The United States incorporates by reference the allegations in paragraphs one through paragraph 13 as though fully set forth.

15. Section 881(a)(6) of Title 21 of the United States Code, provides for the forfeiture of all money furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of Subchapter I, Chapter 13 of Title 2, and all proceeds traceable to such an exchange, and all money used or intended to be used to facilitate any violation of Subchapter I, Chapter 13 of Title 2.

16. In light of the foregoing, defendant $67,391 in United States currency was properly seized and is subject to judicial forfeiture.

\* \* \* \* \*

WHEREFORE, plaintiff United States of America requests that due process issue to enforce the forfeiture of defendant, that notice be given to all interested parties to appear and show cause

///
///
///
///

Complaint for Forfeiture
No. 11-CV-                                              4

why forfeiture should not be decreed, that judgment of forfeiture be entered and that plaintiff be awarded such other relief as may be proper and just.

Respectfully submitted,

MELINDA HAAG
United States Attorney

Dated: September 15, 2011

PATRICIA J. KENNEY
Assistant United States Attorney

Complaint for Forfeiture
No. 11-CV-                                      5

## VERIFICATION

I, Mark Caldwell, state as follows:

1. I am a Task Force Agent with the Drug Enforcement Administration, San Jose Resident Office. I am the case agent in connection with this case, and am familiar with the facts which I know personally to be true or which came to me in the ordinary course of the investigation through investigative reports, including those from the San Jose Police Department, which reports are routinely created and maintained for investigatory purposes.

2. I have read the Complaint and believe the allegations contained in it to be true.

* * * * *

I declare under penalty of perjury that the foregoing is true and correct. Executed this _15_ day of September, 2011, in _SAN JOSE_, California.

MARK CALDWELL
Task Force Agent
San Jose Resident Office
Drug Enforcement Administration
United States Department of Justice

Complaint for Forfeiture
No. 11-CV-                                    6